**STATE OF WEST VIRGINIA**

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **H.T., J.T.-1, J.T.-2, E.T., and D.T.**

**No. 20-0598** (Grant County 19-JA-38, 19-JA-39, 19-JA-40, 19-JA-41, and 19-JA-42)

**MEMORANDUM DECISION**

Petitioner Mother G.K., by counsel Jeremy B. Cooper, appeals the Circuit Court of Grant County's July 15, 2020, order terminating her parental rights to H.T., J.T.-1, J.T.-2, E.T., and D.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response asserting that the record contains sufficient evidence to support termination, but nonetheless asserts that the matter should be remanded for a new dispositional hearing so petitioner can testify and the circuit court can consider D.T.'s wishes. The guardian ad litem, Marla Zelene Harman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her the right to testify at disposition and in failing to consider D.T.'s wishes.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the governing law, the briefs, and the record presented, the Court finds that the circuit court erred in denying petitioner the right to testify at the dispositional hearing and in failing to consider then fourteen-year-old D.T.'s wishes in regard to disposition. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate, in part, and remand the matter for further proceedings consistent with this decision.

Given that the resolution of this matter turns on purely legal issues, it is unnecessary to set forth a detailed factual and procedural history of the matter below. It is sufficient to note that the DHHR filed an abuse and neglect petition in November of 2019 alleging that petitioner and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, they will be referred to as J.T.-1 and J.T.-2 in this memorandum decision.

her husband[2] abused drugs; failed to provide the children with a safe home, given its general condition; and failed to provide the children with proper supervision.[3] After several continued hearings, the circuit court held an adjudicatory hearing in June of 2020 and adjudicated petitioner as abusive and neglectful upon findings that she failed to provide a safe and hygienic home for the children, physically abused the children, and perpetrated domestic violence in the children's presence, among other findings.

In July of 2020, the court held a dispositional hearing. At the outset of the hearing, the court asked counsel for the parties for their recommendations for disposition. A Child Protective Services worker informed the court that the DHHR sought termination of petitioner's parental rights. Counsel for petitioner and the father then each advocated for improvement periods. During the guardian's proffer, counsel for the father asked, "Shouldn't we put testimony on now?" The court responded, "No, we're not required to." Shortly thereafter, without having taken any evidence, the court concluded by saying "I agree with the guardian ad litem. Rights are terminated. . . . This hearing is closed." At that point, petitioner's counsel advised the court as follows: "Judge, my client does want to address the [c]ourt." The court succinctly ruled that the request was denied. The circuit court's termination of petitioner's parental rights was memorialized in its July 15, 2020, dispositional order, from which petitioner now appeals.[4]

On appeal, petitioner argues that she was denied her right to be heard at the dispositional hearing when the circuit court refused her request to testify. We agree. As this Court has held,

> "West Virginia Code, Chapter 49, Article [4], Section [601 (2015)], as amended, and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court or other arm of the State from terminating the parental rights of a natural parent having legal custody of his child, without notice and the opportunity for a meaningful hearing." Syl. Pt. 2, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973).

---

[2]Petitioner's husband is not the father of any of the children at issue in this appeal.

[3]Later, the DHHR filed an amended petition including allegations of domestic violence and excessive corporal punishment, among other allegations.

[4]According to the DHHR, no action has been taken in regard to the children's fathers, despite the fact that their whereabouts are unknown. Further, the DHHR asserts that it has requested that the prosecuting attorney file a petition alleging abandonment against the fathers. According to respondents, the children are currently placed in two separate foster homes. The permanency plan for the children is either adoption by, or legal guardianship with, the maternal grandparents pending a positive home study of the grandparents' residence.

Syl. Pt. 3, *In re T.S.*, 241 W. Va. 559, 827 S.E.2d 29 (2019).[5] In short, we find that the underlying court's statement that it was not required to allow testimony at disposition and its refusal to permit petitioner to testify or address the court were in direct contradiction to the requirements of West Virginia Code § 49-4-601 and this Court's interpretations thereof. Indeed, as this Court has explained, "[b]oth our statutory and case law unequivocally require that parents . . . be afforded a meaningful opportunity to be heard. This necessarily includes the right to testify and to present witnesses, as well as to cross-examine witnesses in any abuse and neglect proceeding." 241 S.E.2d at 564, 827 S.E.2d at 34. Further, we have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). As such, the circuit court's order must be vacated, in part, and the matter remanded for the holding of a new dispositional hearing, during which petitioner must be afforded the right to be heard. This includes the right to testify and present witnesses, in addition to the right to cross-examine any other witnesses presented. W. Va. Code § 49-4-601(h).

Petitioner also asserts that the circuit court erred in failing to consider D.T.'s wishes, as the child was fourteen years old at the time of disposition. We agree. According to West Virginia Code § 49-4-604(c)(6)(C), "[n]otwithstanding any other provision of this article, the court *shall give consideration* to the wishes of a child 14 years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." (Emphasis added). Upon our review of the record, there is nothing to indicate that the circuit court was presented with, or otherwise considered, D.T.'s wishes at the dispositional hearing. The docket sheet submitted in the appendix record for this matter does not reveal the filing of a guardian's report that would have contained this information. According to Rule 18a(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, "[a] guardian *ad litem* should adhere to the Guidelines for Children's Guardians *Ad Litem* in Child Abuse and Neglect Proceedings set forth in Appendix A of these Rules and submit a written report to the court . . . at least five (5) days prior to the disposition hearing." Further, Appendix B contains a form outlining such reports and clearly includes a section titled "Child's Expressed Wishes." As the matter must be remanded for the holding of a new dispositional hearing, we direct the guardian to timely complete such a report so that the underlying court is aware of the child's wishes and can give them due consideration. We further direct the circuit court to comply with West Virginia Code § 49-4-604(c)(6)(C) in reaching a new disposition. While the statute does

---

[5]While this holding specifically references a prior version of West Virginia Code § 49-4-601, the current version, enacted in May of 2019, retains language requiring that parents be provided a "meaningful opportunity to be heard, including the opportunity to testify."

3

not require the circuit court to comply with the child's wishes, it nonetheless is clear that such wishes must be considered.

Finally, we note inconsistencies in respondents' statements regarding permanent placement for the children. While both respondents state that the children will be placed with the maternal grandparents pending an approved home study, the DHHR asserts that the grandparents will either adopt the children or exercise legal guardianship over them. The guardian, however, simply asserts that the permanency plan for the children is placement with the grandparents, without specifying whether the grandparents will adopt the children. This Court has repeatedly directed that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(c)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). However, "[n]o adoption of a child shall take place until all proceedings for termination of parental rights under this article and appeals thereof are final." W. Va. Code § 49-4-604(c)(6)(C). According to the DHHR, the children's fathers—including one unknown father—have not been involved in the proceedings in any fashion, and their whereabouts are unknown. The DHHR has indicated that it requested that the prosecuting attorney file a petition alleging abandonment against these fathers. In short, the children cannot be adopted until proceedings against these fathers, if any, are initiated and are fully resolved. Given that the original petition in this matter was filed over one year ago, it is unclear why the parties have waited this long to address the fathers' rights, when the record establishes that these fathers' whereabouts were unknown from the outset of the proceedings. The failure to contemporaneously address all parents' rights hinders the circuit court's ability to comply with its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. As such, we remind the circuit court that, following the entry of the final dispositional order upon remand, strict compliance with this timeframe is required.

For the foregoing reasons, we vacate, in part, the circuit court's July 15, 2020, order terminating petitioner's parental rights and remand this matter for further proceedings consistent

with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code.[6] The guardian is directed to file a guardian's report, including information concerning D.T.'s wishes as to termination, with the court at least five days prior to the new dispositional hearing. Further, the circuit court is hereby ordered to hold a new dispositional hearing and issue a final order in this case within sixty days of issuance of this decision. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated, in part, and remanded with direction.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6]We note that the vacation of the July 15, 2020, dispositional order applies only to the circuit court's termination of petitioner's parental rights. Although the same order on appeal terminated petitioner's husband's parental rights to his child, who is not at issue on appeal, petitioner's husband did not appeal the same. As such, this Court's vacation of the order on appeal does not apply to that portion of the order related to petitioner's husband, and the termination of his parental rights is unaffected by this memorandum decision.